IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO.: 3:05CV112

| | |
|---|---|
| CHARLES SAMUEL CLARK,   )<br>  )<br>　　　　**Plaintiff,**　  )<br>  )<br>　　　v.　　　　　　  )　　　　ORDER<br>  )<br>UNITED STATES POSTAL SERVICE,  )<br>and UNITED STATES DEPARTMENT  )<br>OF JUSTICE,  )<br>　　　　**Defendants.**　  )<br>  )<br>_____) | |

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss, filed April 22, 2005. In light of Plaintiff's *pro se* status, on June 13, 2005, the Court sent Plaintiff a *Roseboro* notice. Plaintiff filed a Response on June 28, 2005. This motion is now ripe for disposition by the Court.

Having carefully considered the arguments, the record, and the applicable authority, for the below-stated reasons the Court will <u>grant</u> Defendants' Motion to Dismiss.

## I. FACTUAL AND PROCEDURAL HISTORY

For the purposes of this Motion to Dismiss, the Court accepts the following facts derived from Plaintiff's Complaint as true. *See Darcangelo v. Verizon Communications, Inc.*, 292 F.3d 181, 189 (4th Cir. 2002) (noting that "at the motion to dismiss stage, a court must accept the allegations of the complaint as true and view the complaint in the light most favorable to the plaintiff").

1

### A. Plaintiff's Employment With The United States Postal Service

Plaintiff Charles S. Clark was employed as a Mail Handler for the United States Postal Service from February 1967 until December 1983. (Compl. p.8). In December 1983, Plaintiff was promoted to Supervisor of Mails. (*Id.*). After receiving a warning letter for poor work performance in April 1988, a seven day suspension in August 1988, and a notice of proposed reduction in grade and pay in October 1988, Plaintiff and the United States Postal Service entered into a Last Chance Settlement Agreement (the "Agreement"), in which Plaintiff agreed to follow instructions and discontinue his poor work performance. (*Id.*; Compl. Exhibit A-3). The Agreement further stipulated that Plaintiff waived his rights to appeal and that Plaintiff would incur a reduction in pay and grade if he breached the Agreement. (Compl. Exhibit A-3). Plaintiff's supervisor told Plaintiff that he would be demoted if he refused to sign the Agreement. (Compl. p.9).

### B. Plaintiff's Breach Of The Last Settlement Agreement And Subsequent Demotion

In a letter dated January 30, 1990, Plaintiff was advised that he breached the Agreement by poorly performing his work functions and failing to follow instructions. (*Id.*). The letter referenced an incident ten days earlier in which Plaintiff's removal of two employees from the priority section, in contravention of previous instructions given to him, resulted in that section's inability to meet its scheduled dispatch. (*Id.*). Plaintiff maintains that he never supervised the priority section and had no knowledge of this incident. (Compl. p.9). The January 30 letter also noted Plaintiff's unsatisfactory attendance, particularly his absence of a total of 312 work hours between September 1989 and January 1990. (Compl. Exhibit A-3). Plaintiff's absence during

2

this time period, however, was primarily due to health problems, for which he submitted a doctor's note. (Compl. p.9; Compl. Exhibit C-4).

Consequently, Plaintiff was demoted to the position of Mail Handler and subjected to a salary decrease. (Compl. Exhibit A-3). Plaintiff's efforts over the course of the next three months to obtain an attorney from the National Association of Postal Supervisors were unsuccessful. (Compl. p.9).

**C. Procedural Posture**

In June of 1990, Plaintiff consulted with an attorney and filed an informal complaint with the Equal Employment Opportunity Commission ("EEOC"). *Clark v. US Postal Service*, 989 F.2d 1164,1165 (Fed. Cir. 1993). Although he disputed his demotion, Plaintiff never filed a formal complaint with the EEOC. *Id.* at 1165. Instead, he filed an appeal with the Merit Systems Protection Board ("MSPB") in July 1990, arguing that he did not breach the Agreement through poor work performance and failure to follow instructions, and alleging that he had been discriminated against on the basis of race. *Id.* at 1165-66. The administrative judge dismissed Plaintiff's appeal because of its untimeliness and because Plaintiff waived his right to appeal in the Agreement. *Id.* Subsequently, Plaintiff filed a petition for review in the Federal Circuit Court of Appeals. *Id.* Prior to the Federal Circuit ruling on Plaintiff's appeal and due to a decision issued by the Federal Circuit Court after Plaintiff filed his appeal, the MSPB asked the Federal Circuit to remand the case, which Plaintiff did not oppose. *Id.* The Federal Circuit remanded Plaintiff's case to the same administrative judge who previously dismissed Plaintiff's claims for lack of jurisdiction. *Id.* The administrative judge again dismissed the appeal, finding that Plaintiff's appeal was untimely because he failed to exercise "due diligence" during the

3

months between learning of his demotion and filing his informal complaint with the EEOC. *Id.* The appeal was therefore dismissed.

Plaintiff again appealed the decision to the Federal Circuit Court of Appeals, contending that the administrative judge abused her discretion by failing to consider that his untimely filing was due to the United States Postal Service's failure to inform him of his appeal rights. *Id.* at 1166-67. In an order dated March 22, 1993, the Federal Circuit held that: (1) an employee's limited right to appeal an issue in a last chance settlement agreement in which appeal rights are waived remains subject to a timeliness requirement; (2) an agency only needs to notify an employee of his or her limited right of appeal if the employee informs the agency that he or she is contesting the agency's argument that there was a breach of the agreement; and (3) the administrative judge's refusal to waive the timeliness requirement in Plaintiff's case was not an abuse of discretion. *Id.* at 1169-70. The Federal Circuit concluded that the Board's findings were supported by substantial evidence and its actions were in accordance with the law. *Id.* at 1170.

On March 14, 2005, Plaintiff filed the instant lawsuit against Defendants the United States Postal Service and the United States Department of Justice pursuant to Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981. Plaintiff alleges that Defendants discriminated against him on the basis of race due to his demotion on January 30, 1990. (Compl. pp. 2-3). Defendants argue that Plaintiff's Complaint should be dismissed in its entirety because: (1) the action is barred by *res judicata*; (2) the Title VII claim is not actionable because Plaintiff failed to first exhaust the administrative remedies; and (3) the action is barred by the applicable

4

statute of limitation.[1]

## II. DISCUSSION

### A. Standard For A Motion To Dismiss

The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of a plaintiff's complaint. *Suarez v. Charlotte-Mecklenburg Schs.*, 123 F. Supp. 2d 883, 885-86 (W.D.N.C. 2000) (*citing Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). In considering a Rule 12(b)(6) motion to dismiss, the Court must take the allegations in the complaint as true and construe the facts alleged in the complaint in the light most favorable to the plaintiff. *GE Inv. Private Placement v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001). "[Dismissal may occur] only if it appears beyond doubt that the plaintiff[ ] can prove no set of facts in support of [her] claim that would entitle [her] to relief." *Jackson v. Blue Dolphin Communications of N.C., L.L.C.*, 226 F. Supp. 2d 785, 788-89 (W.D.N.C. 2002) (brackets in original) (*quoting Flood v. New Hanover County*, 125 F.3d 249, 251 (4th Cir. 1997)). Viewing the facts in the light most favorable to the non-movant is especially important when the movant seeks to dismiss a complaint filed by a *pro se* plaintiff. *Suarez*, 123 F. Supp. 2d at 886. Since often in a *pro se* case the issues are not clearly articulated, there is a greater burden on the district court to ensure that constitutional deprivations are redressed. *Id.*

To survive a Rule 12(b)(6) motion, a "complaint need only outline a recognized legal or equitable claim which sufficiently pinpoints the time, place, and circumstances of the alleged

---

[1] Plaintiff's Response did not address the arguments contained in Defendants' Motion to Dismiss. Rather, Plaintiff's brief Response consisted of a request to be reinstated as a Platform Supervisor with the United States Postal Service and a request for 100% financing for a new home.

5

occurrence and which, if proven, will justify some sort of relief." *Jackson*, 226 F. Supp. 2d at 789 (citation omitted). A motion to dismiss is not limited to claims of law which are obviously unsupportable; rather, if as a matter of law it is obvious that no relief could be granted under any set of facts alleged by the plaintiff, the claim must be dismissed. *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27, 109 S. Ct. 1827 (1989)). Furthermore, the burden placed on a district court faced with a *pro se* plaintiff is that of "examin[ing] the *pro se* complaint to see whether the facts alleged, or the set of facts which the plaintiff might be able to prove, could very well provide a basis for recovery under any of the civil rights acts or head of jurisdiction in the federal arsenal for redress of constitutional deprivations." *Suarez*, 123 F. Supp. 2d at 886.

However, what a Rule 12(b)(6) motion does not permit is dismissal of a claim based on disbelief of the factual allegations contained in the complaint. *Id.* "If 'relief could be granted under any set of facts that could be proved to be consistent with the allegations,' the motion must be denied." *Id.* (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

**B. *Res Judicata***

Defendants argue that the instant lawsuit is barred by the doctrine of *res judicata*. Defendants contend that Plaintiff's claim regarding his demotion has been fully litigated in *Clark v. United States Postal Service*, 989 F.2d 1164 (Fed. Cir.1993). Under the doctrine of *res judicata*, a prior judgment between the same parties can preclude subsequent litigation on those matters actually and necessarily resolved in the first adjudication. *Orca Yachts, L.L.C. v. Mollicam, Inc.*, 287 F.3d 316, 318 (4th Cir. 2002). *Res judicata* includes both claim preclusion and issue preclusion. *Id.* Claim preclusion occurs if the later litigation shares the same cause of action as the first adjudication. *Id.* Issue preclusion results when the later litigation stems from

6

an independent cause of action involving the same parties as those in the previous adjudication. *Id.* A cause of action consists not simply of the facts alleged in the complaint, but the result of those facts, if true, in a legal wrong. *See Nevada v. United States*, 463 U.S. 110, 132 (1983) (*quoting Chobanian v. Washburn Wire Co.*, 33 R.I. 289, 302 (1911)). While issue preclusion applies only when a specific issue has been litigated previously, claim preclusion applies once a final judgment has been entered. *Orca Yachts*, 287 F.3d at 318.

Although Plaintiff's Complaint here and his 1990 complaint both stem from his 1990 demotion, Plaintiff has never been heard on the merits of his race discrimination claim. Since Plaintiff's initial complaint was dismissed due to untimeliness, Plaintiff's allegations of Title VII discrimination were not actually and necessarily resolved in the former adjudication. Accordingly, the Court finds that Plaintiff's Complaint is not barred by *res judicata* and Defendants' Motion to Dismiss is not justified on this basis.

## C. Plaintiff's Duty To Exhaust Administrative Remedies When Asserting Title VII Claim

Defendants argue in the alternative that Plaintiff's claims should be dismissed for failure to exhaust his administrative remedies. Federal employees asserting Title VII claims must first exhaust the available administrative remedies before filing a civil action in a federal district court. *McAdams v. Reno*, 64 F.3d 1137, 1141 (8th Cir. 1995). The administrative procedure a federal employee must follow before initiating a civil suit is outlined in 42 U.S.C. § 2000e-16. Specifically, within 90 days of receiving notice of a final action taken by a department or agency (or by the EEOC on appeal from a decision rendered by the department or agency), or within 180 days of the filing of the initial complaint with the department or agency (or the filing of an appeal from a decision of the department or agency to the EEOC), a federal employee may file a civil

7

action. 42 U.S.C. § 2000e-16(c).

After the Federal Circuit Court of Appeals affirmed MSPB's dismissal of Plaintiff's complaint in March 1993, Plaintiff petitioned the EEO Complaints Processing division of the U.S. Postal Service for review of that decision. (Compl. Exhibit A-4). The EEO division responded in a letter dated December 13, 1994, concluding that Plaintiff's initial complaints had been untimely and, therefore, affirmed the decision of the MSPB. (*Id.*). This December 13 letter was the U.S. Postal Service's final decision. Plaintiff was notified in the letter that he had 30 calendar days from December 13, 1994 to appeal the decision to the EEOC. (*Id.*). Plaintiff was also informed that he could alternatively file a civil suit in the appropriate U.S. District Court within 90 calendar days of the December 13 letter. (*Id.*). Plaintiff did neither. Instead, Plaintiff filed his Complaint with this Court on May 14, 2005, more than ten years after the appropriate time period had lapsed. Therefore, the Court agrees with Defendants that Plaintiff failed to exhaust the administrative remedies and thus Plaintiff's Complaint should be dismissed.

**D. Relevant Statutes of Limitation**

Plaintiff's Complaint also contains a claim under 42 U.S.C. § 1981. Defendants argue that the Court should dismiss this claim as it is being asserted outside the statute of limitations. In North Carolina, claims made under § 1981 are subject to the three year statute of limitations outlined in N.C. Gen. Stat. § 1-52(1). *Johnson v. Ryder Truck Lines, Inc.*, 575 F.2d 471, 474 (4th Cir. 1978). The applicable statute of limitations begins to run when the wrong that is entitled to legal redress is complete. *Stokes v. Southeast Hotel Properties, Ltd.*, 877 F. Supp. 986, 996 (W.D.N.C. 1994). Once the statute begins to run, it continues to run. *Shephard v. Barras Constr. Co.*, 11 N.C.App. 358, 359-60, 181 S.E.2d 130, 131 (1971).

8

In his Complaint, Plaintiff concedes that the alleged discrimination occurred on or about June 30, 1990 and is not ongoing. (Compl. pp. 2-3). Thus, any cause of action Plaintiff may have stems from his 1990 demotion, an incident which occurred nearly 15 years ago. The Court therefore agrees with Defendants that Plaintiff's § 1981 claim must be dismissed as falling outside the applicable three year statute of limitations. The Court further agrees with Defendants that to the extent that Plaintiff asserted any other causes of action in his Complaint, either expressly or implicitly, such claims are also barred under all applicable statutes of limitation.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss is hereby **GRANTED**.

This 28th day of July, 2005.

Graham C. Mullen
Chief United States District Judge